**SO ORDERED.**

**SIGNED this 21 day of June, 2011.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

IN RE:

| | |
|---|---|
| **LAKOTA CANYON RANCH DEVELOPMENT, LLC** | **CHAPTER 11**<br>**CASE NO. 11-03739-8-RDD** |

### ORDER GRANTING MOTION TO TRANSFER VENUE

Pending before the Court is the Motion to Transfer Case Outside District filed by Alpine Bank ("Alpine") on May 25, 2011, the Response in Support of the Motion to Transfer Case Outside District filed by the Bankruptcy Administrator on June 1, 2011 and the Objection to the Motion to Transfer Case Outside District filed by Lakota Canyon Ranch Development, LLC (the "Debtor") on June 8, 2011. A hearing took place in Raleigh, North Carolina on June 15, 2011.

Lakota Canyon Ranch Development, LLC filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 13, 2011. Alpine contends that venue in the Eastern District of North Carolina is improper and that the petition should have been filed in the United States District Court for the District of Colorado. The motion seeks either dismissal or transfer of venue.

The Debtor's petition lists its address as PO Box 381 Wrightsville Beach, North Carolina 28480. However, the first page of the petition also indicates that the principal assets of the Debtor are located in New Castle, Colorado and Aspen, Colorado. Alpine contends that venue is improper

in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1408, and that the case must be transferred pursuant to 28 U.S.C. § 1406 and § 1412.

Title 28 section 1408 provides, in relevant part:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district–
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district[.]

28 U.S.C. § 1408.

It is undisputed that the Debtor's principal assets are located in Colorado. The Debtor's schedules list multiple pieces of real property with the total current value listed at $34,037,043.00. The properties consist of a golf course, multiple single family properties, a recreation center, development parcels and a duplex, all of which are located in Colorado. The Debtor's schedules list $369,085.43 in personal property all of which is located in Colorado with the exception of one BB&T bank account with deposits of $15,584.12.

Alpine Bank is the largest secured creditor of the Debtor with a claim listed on Schedule D totaling $20,015,730.00. Alpine is located in Aspen, Colorado.

The Debtor argues that its principal place of business is located in the Eastern District of North Carolina. Therefore, the Debtor asserts that venue is proper in the Eastern District of North Carolina. The Debtor's petition lists it address as PO Box 381 Wrightsville Beach North Carolina. John A. Elmore, II is the member-manager of the Debtor. The Debtor argues that Mr. Elmore is responsible for directing and controlling the Debtor's activities and because Mr. Elmore conducts

these operations from an office next to his home in Wilmington, North Carolina, the Debtor's principal place of business, or "nerve center" is located in Eastern District of North Carolina. The Debtor relies on the Supreme Court decision of *Hertz Corp. v. Friend* and argues that its "nerve center" is located in the Eastern District of North Carolina. *Hertz* instructs courts to determine the principal place of business, or "nerve center", based upon where the "corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

On May 2, 2011, seven Colorado Limited Liability Companies ("LLCs") merged resulting in the formation of the Debtor. Those seven LLCs are: (1) Lakota Investment Company, LLC, (2) Lakota Canyon Ranch Recreation Center, LLC, (3) Lakota Golf Company, LLC, (4) Whitehorse Village, LLC, (5) Hyman Street Brownstones II, LLC, (6) Keator Grove, LLC, and (7) JJ Mustang, LLC. The merger was consummated in Colorado only eleven days prior to the petition date of May 13, 2011. At the time of the merger, Mr. Elmore was listed as the registered agent of the Debtor whose address was listed as 707 East Hyman Avenue, Aspen, Colorado 81611.

Debtor's counsel, as well as Mr. Elmore, acknowledge that Mr. Elmore spends much time in Colorado conducting business activities, including meetings and negotiations with Alpine in Aspen, Colorado. Specifically the Debtor met with representatives of Alpine on May 13, 16, and 17, 2011 in Aspen Colorado.

The Debtor was organized under the laws of Colorado and remains in good standing in the State of Colorado. The Colorado Secretary of State currently lists the registered agent of the Debtor as John A. Elmore, and the registered agent street address as 707 East Hyman Avenue, Aspen, Colorado 81611. The North Carolina Secretary of State's Office does not list the Debtor as a business entity recognized by the State of North Carolina or as a foreign entity authorized to do

3

business in North Carolina. The Debtor does not generate revenues in North Carolina. The Debtor's payroll and expenses are paid in Colorado.

On March 3, 2011, the District Court for the County of Garfield, Colorado appointed Cords & Company as Receiver to preserve and protect the golf course, recreation center, outdoor pool, and the residential real property located in New Castle, Colorado. The Receiver is currently negotiating in the Debtor's stead with the Town of New Castle to resolve local issues, including road repair and water tap fees. The operating golf course is located in Colorado. Real estate development and sales occur in Colorado. The merger of the seven LLCs into the Debtor occurred in Colorado. Debtor is a Colorado LLC and lists its principal office at 1000 Clubhouse Drive, New Castle, Colorado 81647. The Debtor's registered agent is John Elmore, whose address is listed as 707 East Hyman Avenue, Aspen, Colorado 81611 with the Colorado Secretary of State. Based on these facts Alpine has shown by a preponderance of the evidence, that the Debtor's principal place of business is in Colorado. Therefore, the Court finds that venue in the Eastern District of North Carolina is improper.

Having determined that venue is improper, the Court next turns to the question of whether the case should be transferred pursuant to 28 U.S.C. § 1412[1] or dismissed pursuant to Bankruptcy Rule 1014(a)(2).[2] The moving parties bear the burden of showing by a preponderance of the evidence that the interests of justice or the convenience of the parties would be served by a transfer of this case. *In re Spartan Holding Company, Inc.*, Case No. 11-02355-8-RDD at 3 (Bankr.

---

[1] Section 1412 provides, "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

[2] Bankruptcy Rule 1014(a)(2) provides, "[i]f a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice the petitioners and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or convenience of the parties."

4

E.D.N.C. May 24, 2011) (citing *In re Mid Atlantic Retail Group, Inc.*, 2008 WL 612287 at *3 (Bankr. E.D.N.C. 2008) (citing *In re Industrial Pollution Control*, 137 B.R. 176, 181 (Bankr. W.D. Pa. 1992))). If the court determines venue is improper then retention of the case is not proper. *Micci v. Bank of New Haven*, 188 B.R. 697, 700 (Bankr. S.D.Fl. 1995). The factors to be considered in determining the convenience of the parties and the interest of justice are:

> (1) the proximity of creditors of every kind to the court;
> (2) the proximity of the Debtor to the court;
> (3) the proximity of the witnesses necessary to the administration of the estate;
> (4) the location of the assets;
> (5) the economic administration of the estate; and
> (6) the necessity for ancillary administration if a liquidation should occur.

*Spartan Holding Company, Inc.*, Case No. 11-02355-8-RDD at 3 (citing *In re Mid Atlantic Retail Group, Inc.*, 2008 WL 612287 at *3 (Bankr. E.D.N.C. 2008) (citing *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979))).

The first factor is the proximity of creditors to the court. The primary secured creditor, Alpine Bank of Aspen, is located in Colorado. Alpine moved for transfer of venue. Most of the unsecured creditors are more proximately located to Colorado than North Carolina. Along with its petition the Debtor filed its List of Creditors Holding Twenty Largest Unsecured Claims. Of the twenty creditors listed, ten are located in the State of Colorado. None of the creditors listed were located in the State of North Carolina. This factor weighs heavily in favor of transferring the case to Colorado.

The second factor is the proximity of the Debtor to the court. Mr. Elmore, the Debtor's member-manager owns a home in Wilmington, North Carolina. Mr. Elmore oversees his numerous companies from his home in Wilmington. However, based upon his testimony, Mr. Elmore conducts much of the business of the Debtor in Colorado. Regular meetings with creditors and local

managers occur in Colorado. The golf course and real estate development and sales all occur in Colorado. Furthermore, the Debtor is not Mr. Elmore. Although Mr. Elmore owns a home in North Carolina, the Debtor has at all times conducted its primary business operations in Colorado. As discussed above, the Debtor's principal place of business is located in Colorado.

The third factor is the proximity of witnesses necessary to the administration of the estate. With the exception of the BB&T bank account, all of the Debtor's assets are located in Colorado. Because of the location and nature of the Debtor's assets, the appraisers, and real estate sales experts will most likely be from Colorado. The secured creditor and the estate will bear the costs of travel for these witnesses to testify in this Court. The only apparent witness from North Carolina is Mr. Elmore. This factor weighs heavily in favor of transfer of venue.

The fourth factor is the location of assets. The petition and schedules reveal all of the Debtor's assets, with the exception of the BB&T bank account, are located in Colorado. The Debtor owns a golf course, recreation center, and various other residential properties in Colorado. Therefore, this factor weighs in favor of transferring the case to Colorado.

The fifth factor is the economic administration of the estate. The Debtor generates all of its revenue in Colorado. A Receiver has been appointed to preserve and protect the golf course and other real estate. A bankruptcy court in Colorado would be better suited to administer the case with the appointed Receiver than this Court. Should it become necessary to appoint a Chapter 11 Trustee, a trustee from Colorado would be better able to efficiently and economically administer the estate, rather than a trustee from the Eastern District of North Carolina. Formation and functioning of an unsecured creditor's committee would more likely be successful in Colorado than the Eastern District of North Carolina.

The sixth factor is the necessity for ancillary administration if a liquidation should occur. Because the principal assets are located in Colorado, the assets would be more efficiently administered by a trustee in Colorado. This factor weighs in favor of transferring the case to Colorado.

Considering all the factors enumerated in 28 U.S.C. § 1412, the interest of justice and convenience of the parties will best be served by transferring this case to the United States District Court for the District of Colorado. Neither party seeks dismissal for lack of venue. Therefore, the motion to transfer venue to the United States District Court for the District of Colorado is **GRANTED**.

**SO ORDERED**.

**END OF DOCUMENT**